Ex Parte Joseph Smith.

No. 3030.   Decided June 7, 1905.

**Habeas Corpus—Local Option Elections—Time of Holding—Statutes Construed.**

It makes no difference when the result of an election for local option is published and put into operation, as affecting a subsequent election on said subject, which can be held within two years from the date upon which the previous election was held.

From Johnson County.

Original application for writ of habeas corpus for release from commitment upon conviction of a violation of local option law.

The opinion states the case.

*W. B. Featherstone,* for relator.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is an original application for the writ of habeas corpus. The facts upon which the same is predicated are as follows: The record shows that local option was adopted in Johnson County on September 13, 1901, and the order declaring the result and prohibiting the sale of intoxicating liquors was published respectively on October 4, 11, and 18, 1901, and on March 11 and 18, 1904, in the Cleburne Chronicle. This court held in Stephens and Tump Griffin cases, decided at the present term, that this election did not go into effect because the order of the commissioners court declaring the result and prohibiting the sale of intoxicants in Johnson County, was not published four successive weeks as required by the statute. A second election for local option was held in Johnson County, on April 7, 1904, resulting in favor of prohibition, and appears to be regular in every way and properly put into operation. However, the insistence is made that the second election is invalid on account of having been held within two years from the date the result of the first election was declared, and article 3393, Revised Civic Statutes, provides: "No election under the preceding articles shall be held within the same prescribed limits in less than two years after an election under this title has been held therein; but at the expiration of that time the commissioners court of each county in the State, whenever they decree it expedient, may order another election to be held by the qualified voters of said county, or of any justice's precinct, or such subdivision," etc. We hold that the second election is valid, because the same was held after the expiration of two years from the first election. It makes no difference when the result of the election is published and put into operation—the subsequent election can be held within two years from the date of previous election is held. It follows that the second election is valid. Ap-

plicant was convicted under a complaint and information based and predicated upon the second election, held in 1904. The judgment is in proper form. Relator is accordingly remanded to the custody of the officer.

*Relator remanded to custody.*