## J. B. Seay v. The State.

### No. 3456.    Decided May 15, 1907.

**1.—Local Option—Publication—Contest.**

Where upon trial of a violation of the local option law, it appeared that the publication of the order of the result of the local option election was suspended by action of the district court in a contest of said election pending therein, and that the same was published as suggested by the district judge in the form originally ordered by the county judge, but at a time subsequent thereto, and for the term of four successive weeks, there was no error.

**2.—Same—Time of Holding Election—Amendment of Statutes.**

Where a local option election was held and the result declared September 14, 1904, no election could be ordered within less than two years from said date, according to the amendment to article 3393, Revised Civil Statutes, and an election which was ordered September 11, 1906, was void, although the election was not held until October 6, 1906; this statute being mandatory.

Appeal from the County Court of Callahan.    Tried below before the Hon. B. L. Russell.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $25 and twenty days confinfiement in hte county jail.

The opinion states the case.

*Otis Bowyer, Hardwicke & Hardwicke,* for appellant.—The law being that the commissioners court cannot order a second election, in such cases as this, until the expiration of two years from the order declaring the result of the former election, and as the result of the former election was declared September 14, 1904, and as the order for the election in question was made September 11, 1906, this election is void.    Article 3393 R. S., as amended Acts 1905, p. 378.    Donaldson v. State, 15 Texas Crim. App., 25; Boone v. State, 10 Texas Crim. App., 418; Prather v. State, 12 Texas Crim. App., 401; Stallworth v. State, 18 Texas Crim. App., 378; Kramer case, 19 Texas Crim. App., 123; Swenson v. McLaren, 21 S. W. Rep., 300; Curry v. State, 13 S. W. Rep., 752; Ex parte Sublett, 23 Texas Crim. App., 309; Ex parte Burge, 24 S. W. Rep., 289; Chenowith case, 96 S. W. Rep., 21–2; Savage v. Wolfe, 69 Ala., 569.

*F. J. McCord,* Assistant Attorney-General; *W. R. Ely,* County Attorney, and *F. S. Bell,* for the State.—On question of publication: Ex parte Burge, 32 Texas Crim. Rep., 459; McDaniel v. State, 32 Texas Crim. Rep., 16; Phillips v. State, 23 Texas Crim. App., 304.    On question of time of holding election, 26 Am. & Eng. Enc. of Law, 612–618; Sutherland on Stat. Const., sec. 256, p. 338.

BROOKS, Judge.—Appellant was convicted of violating the local option law.    The evidence in the case shows that appellant violated the

law, if one existed, and the facts about the existence of the law are
as follows:

An August 9, 1904, the commissioners court legally made an order
directing that an election be held to determine whether the sale of in-
toxicating liquors should be prohibited in said county, the election be-
ing ordered to be held on September 3, 1904. An election was legally
held under said order and the result declared by the commissioners
court on September 14, 1904, against prohibition. The county re-
mained as what is known as a "wet" county up to the election of 1906.
On September 11, 1906, less than two years from the date the result
of the former election was declared, the commissioners court, on peti-
tion, made an order for another election for said county. The election,
the validity of which is here assailed, was held under the said order,
on October 6, 1906, declared by the commissioners court on October
17, 1906, in favor of prohibition. The order of the commissioners
court directed that no publication be had until the first week in De-
cember, 1906, and that said order be published the first week in
December, and weekly thereafter until notice was perfected so as to
put prohibition in effect about January 1, 1907. Prior to the No-
vember election in 1906, I. N. Jackson was county judge, he retiring
from said office on the 11th or 14th of November, 1906. Judge B. L.
Russell was elected at said November election in 1906, and qualified as
such either on the 11th or 14th of November, 1906. On November
10, 1906, the said Jackson, in an effort to provide for publication of
the order declaring the result of said last local option election, made, or
procured from some source, a copy of the order declaring the result of
same, which he headed or caused to be headed, "Local Option Order."
Following this was a copy of the order declaring the result as made
October 17, 1906, and this was followed by the following:

"In accordance with the law and the order of the commissioners
court of Callahan County I hereby order that the above be published
in the Baird Star, a weekly newspaper published in said Callahan
County, for four successive weeks, beginning in the issue of said paper
to be published the first week in December, 1906. Witness my hand
this November 10, 1906, I. N. Jackson, County Judge, Callahan
County, Texas." Said order was in nowise exemplified or certified ex-
cept as above stated. A day or two before Judge Jackson retired from
office he delivered the above to the publisher of the Baird Star with in-
structions to publish for four successive weeks beginning with the first
issue in December. Other than the directions then given, Judge Jack-
son took no further action in the matter. The election in question was
contested before the district court and judgment rendered in favor of
contestee; in the judgment therein entered the district judge caused to
be inserted the following:

"Owing to the questions here involved, upon the contestants filing
supersedeas bond, it is the suggestion and recommendation of the court
that no action be had in way of publication of the result of said election

prior to January 1, 1907." To which the contestee in open court objected and gave notice of appeal. The said contest was an ordinary statutory contest in which no injunction was asked for or granted.

The publisher of the Baird Star, Mr. Gilliland, testified in substance that he did not publish the order as directed by Judge Jackson, because there had been a contest of the election before Judge Calhoun, district judge of this district, and in his judgment in the case he rec-- ommended that no such notice be published before January, 1907. "I did not know what to do, and meeting Judge Russell, who succeeded Judge Jackson, as county judge, I asked him what I ought to do in the matter, telling him that Judge Jackson had directed the publication to be made in December, but Judge Calhoun had recommended that it be not made before January, and I asked Judge Russell whether I ought to follow Judge Jackson's directions or follow Judge Calhoun's recomendation. Judge Russell told me I ought to follow Judge Calhoun's recommendation; I thought so too, and did not make the publication in December as directed, but made the first publication January 3, 1907, and also made publication January 10, 17, and 24, 1907. The publications made by me were the copies furnished by Judge Jackson." Judge Russell testified that he took no official action in reference to the publication of said order of the commissioners court save and except to declare the result as provided by law, wherein he made the usual county judge's certificate. The fact that the publisher did not publish the order as directed by County Judge Jackson, but as suggested by the district judge, who passed upon the contest, would not render the election any the less valid. The order authorizing and requiring the publication of the order declaring the result says: "After the publication for four successive weeks the election shall be in force."

Appellant further insists that because the election of 1904 was held September 3, 1904, and result declared on September 14, 1904, that the election of 1906 is void because the commissioners court ordered the election on September 11, 1906. It will be seen from the above statement of the facts that the election of 1906 was not held until October 6, 1906, which is two years, one month, and a few days over two years from the holding of the first election. In the case of Ex parte Smith, 88 S. W. Rep., 245, we held that under Sayles' Annotated Civil Statutes of 1897, article 3393, that a local option election could be held within two years from the date of the previous election regardless of the declaration of the result, but the Legislature has seen fit to change the statute in this respect, as will be seen by referring to the General Laws of the Twenty-Ninth Legislature, page 378. In said amendment it is provided that the time for holding elections shall date from the time of the publication of the last notice, provided that where no such notice is required to be published, then such time shall date from the time such result is declared. This latter statement is repeated in the latter clause of said article, thereby enforcing the idea that the Legislature intended to change the time for the ordering of each subsequent

local option election, and we, therefore, accordingly hold, that the local option election of 1904, having been held and the result declared September 14, 1904, that no election could be ordered within less than two years from said date of the declaration of the result of the election, as provided in the amendment above quoted. The statute provides that it is not necessary to publish the result, and if it is not necessary under the statute to do so, if the law is defeated, then the time for holding the subsequent election shall date from the declaration of the result, and must not be held in less than two years from said declaration. The local option election in 1904 in Callahan County resulted in the defeat of local option. It follows, therefore, it was not necessary to publish the result. Therefore, no election can be held, as stated, or ordered rather, in less than two years from said date. This being true, it follows that the local option election was erroneously ordered within less than two years from the declaration of the result of the election in 1904. It is true, it is only three days less than two years, but this in law makes no difference. The statute is mandatory that no subsequent election shall be held in less than two years from the previous declaration of the result. Therefore, the election is held invalid, and the judgment of the lower court is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*