## J. T. STOCKARD v. THOMAS T. REID.

### Decided October 16, 1909.

**1.—Election—Local Option—Contest—Special Session of Legislature—Proclamation of Governor.**

The language "to enact adequate laws simplifying the procedure in both civil and criminal trials in the courts of this State" contained in the proclamation of the Governor convening the Legislature in special session, was sufficient under section 40 of article 3 of the Constitution to confer authority upon the Legislature at said special session to enact the law relating to contests arising under local option elections (Acts 1907, page 447).

**2.—Same—Civil Trial.**

By the provisions of article 3397, Rev. Stats., a proceeding to contest a local option election under the Act of 1907 is a "civil trial."

**3.—Same—Legislative Act—Judicial Interference.**

If an Act of the Legislature is within the scope of legislative authority, it must stand; nothing but a clear violation of the Constitution, a clear usurpation of power prohibited, will justify the judicial department in pronouncing an Act of the legislative department unconstitutional and void.

**4.—Same—Constitutional Law.**

The Act of the Thirtieth Legislature (Gen. Laws, 1907, page 447) making an election held and the result declared by the Commissioners Court binding unless contested within the time prescribed, and making the result of such contest binding upon one not a party to the same, is not contrary to or violative of the Fifth and Fourteenth Amendments to the Constitution of the United States, and is valid and binding.

Appeal from the District Court of Navarro County. Tried below before Hon. H. B. Daviss.

*R. S. Neblett, L. R. Calloway* and *W. W. Ballew,* for appellant.— The Act of the Legislature is unconstitutional and contrary to section 40, article 3 of the Constitution of Texas, because it relates to the contest of prohibition elections, and not to the procedure in a civil or criminal trial, and such legislation was not designated in the proclamation of the Governor convening the special session, nor presented by the Governor in any message to the Legislature. Rogers v. Johns, 42 Texas, 339; Gibson v. Templeton, 62 Texas, 555; Robinson v. Wingate, 36 Texas Civ. App., 65; Calvery v. Shanks, 63 S. W., 621; McCormick v. Jester, 115 S. W., 278.

The Act of the Thirtieth Legislature under consideration violates the Fourteenth Amendment to the Constitution of the United States and article 5 of said Constitution, in that it undertakes to make an election held and the result declared by the Commissioners' Court binding upon appellant unless he contests the same, and makes the contest of an election binding upon him to which he was not a party. Any statute which undertakes to condemn a man and deprive him of life. liberty or property without a hearing, violates the law of the land and the Constitution of the United States in the particulars pointed out. City of Janesville v. Carpenter, 8 L. R. A., 808; Campbell's Case, 20 Am. Dec., 360; Yick Wo v. Hopkins, 118 U. S., 356

*W. J. Weaver,* for appellee.—The Act of the Thirtieth Legislature passed in special session, approved by the Governor on May 14, 1907, relating to the contest of local option elections, is valid and constitutional. Hardy v. State, 107 S. W., 547; Williams v. Taylor, 19 S. W., 156.

The local option election held in Navarro County June 15, 1907, is valid and binding on appellant and conclusively determines that the sale of intoxicating liquors is prohibited by law in said county. Mccormick v. Jester, 115 S. W., 278.

The prohibition of the sale of intoxicating liquors within Navarro County does not deprive defendant of his property rights without due process of law, and is not violative of any provision of the Constitution of the United States. Edgar v. McDonald, 106 S. W., 1135.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by Thomas T. Reid, appellee, against J. T. Stockard, appellant, to enjoin and restrain him from engaging in the business of a retail liquor dealer in Navarro County, and from selling intoxicating liquors in violation of the local option law in Navarro County, and to restrain and enjoin him from storing intoxicating liquors in a certain house belonging to appellee and rented by appellant, and from using such house for that purpose.

The petition alleged, in substance, that the plaintiff, at the time of the presentation of his petition, was the owner in fee simple of the house and building situated on the corner of Tenth street and East Third avenue, in the city of Corsicana, Navarro County, Texas, and had owned said property for many years prior thereto; that the defendant Stockard had, before and at the time of the filing of this suit, the possession, management and control of said property, and had stored and was keeping intoxicating liquors in said house and building for the purpose of selling the same; that said defendant has threatened and is about to use said house and building for the purpose of selling intoxicating liquors therein, and of engaging in and pursuing the occupation and business of a liquor dealer in said county in violation of law. That on the 15th day of June, 1907, an election was held by the qualified voters of Navarro County, Texas, under and by the authority of an order of the Commissioners' Court of said county, to determine whether the sale of intoxicating liquors in said county should be prohibited by law, and that a majority of the legal votes cast in said election were for prohibition, and that said election resulted in absolutely prohibiting the sale of intoxicating liquors within said county; that the result of said election has been duly declared and published in the manner and form and for the length of time required by law, and that the local option law is in full force and effect in said county by reason of the result of said election; that if the defendant is permitted to engage in and pursue the business of selling intoxicating liquors within the house and building above described, he will not only thereby create and promote a public nuisance, but the private interest and property of plaintiff will be materially injured. That plaintiff has no adequate remedy at law, but under chapters 77 and 81 of the general laws of the State of Texas, enacted by the Thirtieth

Legislature, this plaintiff is entitled to a writ of injunction restraining defendant from using or threatening to use such house, premises and building, with the intent to store, keep, sell or dispense intoxicating liquors, or for the purpose of engaging in the business of the sale of intoxicating liquors therein in violation of law.

The defendant answered, admitting that the election to determine whether or not the sale of intoxicating liquors should be prohibited in Navarro County was held as charged in plaintiff's petition, but averred that said election resulted against prohibition; that the Commissioners' Court of Navarro County, Texas, in obedience to article 3390 of the Revised Civil Statutes, met in special session on the 26th of June, 1907, for the purpose of counting the votes and declaring the result of said election, and declared the result of said election to be against prohibition, and published the result thereof as required by law. That thereafter, and within thirty days from the date the result of said election was declared to be against prohibition, L. E. McCormick and other citizens of Navarro County, Texas, filed a contest of said election in the District Court of Navarro County against C. L. Jester, county judge, and C. L. Knox, county attorney, of Navarro County, Texas, and by amended petition under the Act of 1907, chapter 8, entitled, "Election Contest," relating to contests arising under the local option law; that when said contest was heard in the District Court of Navarro County, and upon final hearing, the district judge sustained the election and declared that a majority of the legal voters of Navarro County, Texas, in said election held on the 15th of June, 1907, had cast their votes against prohibition; that thereafter, and within the time provided by law, the contestants appealed said case to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas at Dallas, Texas; that said Court of Civil Appeals, upon hearing, reversed and rendered the decision of the District Court of Navarro County, and held that a majority of the votes cast at said election were in favor of prohibiting the sale of intoxicating liquors in said Navarro County, and said Court of Civil Appeals reversed and rendered said cause, and ordered the Commissioners' Court of Navarro County to declare the result of said election to be in favor of prohibition; that the judgment of the Court of Civil Appeals was void, because under article 3397 said court had no power to reverse and render an election contest, and could only declare the election void and order a new election. That said election was void because notices thereof were in fact never posted by the clerk of the County Court of Navarro County, nor under his authority, save one, neither for the time nor in the manner required by law; that notices at most were posted only by a volunteer, and that his act was repudiated and denied by the county clerk.

Defendant further alleged that the Act of the Thirtieth Legislature, approved by the Governor on the 14th of May, 1907, relating to contests of local option elections, which undertakes to prohibit appellant from inquiring into the validity of the local option election, is unconstitutional and void, (1) because the subject of legislation therein was passed at a special session and was never submitted to the Legislature by proclamation of the Governor convening the special

session nor in any message from the Governor; (2) said Act of the Legislature is contrary to the Fourteenth Amendment of the Constitution of the United States, in that it undertakes to deprive appellant of the right to show that the prohibition law is not in force in Navarro County, and denies him his day in court, and deprives him of the rights, privileges and immunities guaranteed by the Constitution of the United States by article 5 and said Fourteenth Amendment.

The district judge in chambers heard the said petition, answer and agreed statement of facts, and granted a temporary writ of injunction, holding that the Act of 1907 was valid and constitutional, and that the election held on June 15, 1907, was, valid and binding upon appellant, and that the result of the same can not now be questioned, and that appellant can show no defense which would make said election void.

The first proposition presented and urged in this court is, that the court below erred in holding the Act of the Thirtieth Legislature passed at its special session and approved May 14, 1907, relating to the contest of local option elections, valid, constitutional and binding, for that said Act is contrary to section 40, article 3 of the Constitution of this State, because it relates to the contest of prohibition elections and not to the procedure in a civil or criminal trial, and such legislation was not designated in the proclamation of the Governor convening said special session, nor presented by the Governor in any message to the Legislature.

The Act in question was passed at the special session of the Legislature convened by the Governor on the 12th day of April, 1907. The first paragraph or clause of the proclamation relating to the purposes for which this special session was called, is as follows: "To enact adequate laws simplifying the procedure in both civil and criminal trials in the courts of this State, and for such reforms as may be practicable in our jury system." On the 16th day of April, 1907, the Governor sent to the Legislature a message in which he said: "Upon the subject of simplifying the procedure in both civil and criminal trials, and also upon the needed reforms in our jury system, I again call your attention to the importance of these reforms, both to the counties and State, and to the people who bear the burden of a system almost bewildering in its meshwork of technical absurdities. I can not too strongly urge upon the Legislature the necessity for the reforms demanded." The foregoing excerpts from the Governor's proclamation and message contains, in our opinion, all that relates to the subject of the legislation under consideration, and it is agreed by counsel that if nothing in the proclamation or messages of the Governor embraces or includes the subject matter of said Act, then the same is unconstitutional and void under section 40, article 3 of the Constitution of Texas. Section 40, article 3 of the Constitution is as follows: "When the Legislature shall be convened in a special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session or presented to them by the Governor; and no such session shall be of longer duration than thirty days."

Vol. LVII Civil—9.

It has been held by the courts of this State and of other States of high authority, in effect, that an Act passed by the Legislature and signed by the presiding officers of each house, as provided by the Constitution, and which has been approved by the Governor, affords conclusive evidence that it was passed according to the Constitution, and that it is not competent for the courts to go behind this attestation and look to the journals of the houses or receive other evidence to show the contrary. Williams v. Taylor, 83 Texas, 667; Central Railway Co. v. Hearne, 32 Texas, 547; Blessing v. Galveston, 42 Texas, 641; Usener v. State, 8 Texas Crim. App., 177; Ex parte Tipton, 28 Texas Crim. App., 439; Pacific R. R. Co. v. Governor, 23 Mo., 353; State v. Young, 32 N. J. Law, 29. In these cases, however, it was sought to defeat the law because not passed according to the procedure and method prescribed by the Constitution and not because of a want of jurisdiction or authority of the Legislature to pass the law. In the case of Baldwin v. State, 21 Texas Crim. App., 591, it was contended that the Act of the Seventeenth Legislature, levying an occupation tax upon persons engaged in the sale of the Illustrated Police News, Police Gazette, etc., passed at its special session, was unconstitutional on the ground that the Governor did not by his proclamation convening said Legislature in special session, nor by any other means, designate or present it to said Legislature as a subject for legislation. This question was left undetermined by the Court of Appeals for the reason that the court was of the opinion that the proclamation of the Governor convening the Legislature conferred authority to enact the law. It was said, however, that whether a court, even in such a case, could go behind a statute which was valid upon its face and inquire into the particular authority by virtue of which it was enacted, was a question well worthy of serious consideration.

But in the case of Manor Casino v. State, 34 S. W., 769, the Act called in question was passed at a special session of the Legislature and was upon a subject not embraced in either the proclamation of the Governor or any message sent to it during its session, and it was held by the Court of Civil Appeals for the Third District that section 40, article 3 of the Constitution, was clearly mandatory, and a limitation upon the authority of the Legislature in a special session to pass laws, and that an Act passed violative thereof was void. That case was sought to be distinguished from the case of Williams v. Taylor, supra, and other cases to the same effect, upon the ground that it involved the want of jurisdiction and authority in the Legislature to act at all, whereas the manner of the exercise of authority after jurisdiction had attached was involved in the Williams-Taylor case, and cases of similar import. As in the case of Baldwin v. State, supra, we find it unnecessary to a proper disposition of this case to decide the question, and shall leave it undetermined until a case arises in which it becomes necessary to do so. We are of the opinion that the language, "To enact adequate laws simplifying the procedure in both civil and criminal trials in the courts of this State," contained in the proclamation of the Governor convening the Thirtieth Legislature in special session, was sufficient under section 40, article 3 of the Constitution,

to confer authority upon the Legislature to enact the law attacked in this proceeding.

Our attention has been called by counsel for appellant to the decisions of this State holding that a proceeding to contest an election is not a "suit, complaint or plea" within the meaning of the Constitution, and an ingenious argument is made to the effect that the language of the proclamation under consideration should be construed in the light of those decisions, and when so construed it must be held that said language does not embrace the subject dealt with by the Legislature in the Act in question, and that said Act is condemned and prohibited by the section of the Constitution quoted. We do not concur in this view of the matter. In the cases in which it was held that the contest of an election was not a suit, complaint or plea in the sense in which those words are used in the Constitution, the court was considering the question whether or not the District Court had jurisdiction to hear and determine such a contest, and such holding seems to have been predicated upon that provision of the Constitution conferring jurisdiction upon the District Court of "suits, complaints or pleas wherein the matter in controversy is valued at or amounts to five hundred dollars, exclusive of interest," and the fact that, as the primary and direct purpose and effect of the contest of an election was simply to determine the legality and fairness of the election and involved a political or extra-judicial question to be regulated under the Constitution by the political authority of the State, such contest lacked the necessary elements of a suit, complaint or plea within the meaning of the Constitution, and did not come within "either the law or equity jurisdiction of any of our courts." But by article 3397 of our statute, passed in view of the constitutional amendment, a proceeding to contest an election is cognizable before the District Court and rules of procedure governing its trials are provided, and while it may not by reason of said statute have lost its distinctive character as a political proceeding, yet it must be admitted, we think, that the trial thereof is a "civil trial" within the contemplation and meaning of the language as used in the Governor's proclamation. The procedure, as provided by the statute referred to, and the conduct of the trial in such a case, with the exception that a jury is not allowed, if not identically the same, is very similar to that governing the trials of ordinary civil suits in this State, and the language used by the Governor comprehends within its meaning all civil trials. That it was so understood and construed by the Legislature and Governor is evidenced by the passage of the Act by the Legislature and its approval by the Governor.

The fact that the Governor called the attention of the Legislature in his message more specifically to other reforms suggested in the procedure in civil and criminal trials than to the subject matter of said Act does not, in our opinion, militate against the views we have expressed. It was not necessary for the Governor in his proclamation or message to suggest the specific legislation desired and this fact seems to have been recognized by him, for he expressly stated in his message that he did not intend, by recommending certain legislation

upon subjects specifically named in his message, to suggest a limit to the remedies which the Legislature might in their wisdom devise. In Pennsylvania R. R. Co. v. Riblet, 66 Pa. State, 164, it is said: "If the Act itself is within the scope of legislative authority it must stand;" that "nothing but a clear violation of the Constitution, a clear usurpation of power prohibited, will justify the judicial department in pronouncing an Act of the legislative department unconstitutional and void." We are of opinion that a fair, reasonable and correct construction of the proclamation authorized the legislation in question.

The second proposition contended for by appellant is that the Act of the Thirtieth Legislature under consideration violates the Fourteenth Amendment to the Constitution of the United States and article 5 of said Constitution, in that it undertakes to make an election held and the result declared by the Commissioners' Court binding upon appellant unless he contests the same, and makes the contest of an election, to which he was not a party, binding upon him; that any statute which undertakes to condemn a man and deprive him of life, liberty or property without a hearing violates the law of the land and the Constitution of the United States in the particulars pointed out.

It has been often held that the prohibition of the sale of intoxicating liquors within any prescribed territory of this State is clearly the lawful exercise of its police powers; that a statute, if all persons brought under its influence are treated alike under the same condition. does not, within the contemplation of the provisions of the Constitution of the United States referred to in appellant's proposition, deprive such persons of their property or property rights without due course of law. If the local option election held in Navarro County June 15, 1907, resulted in favor of prohibition, and we have held that it did (McCormick v. Jester, 53 Texas Civ. App., 306), and the Commissioners' Court of that county had at the time of the institution of this suit so declared, as required by the statute, which is not here denied, appellant could not thereafter legally engage in the sale of intoxicating liquors in that county. That the prohibition of such sales did not have the effect to imperil any pecuniary right of appellant or deprive him of any property, is well settled. Therefore, the effect of declaring that the election had carried in favor of local option having deprived appellant of no pecuniary right, the question became as to him merely a political one, and the Act of the Thirtieth Legislature making an election held and the result declared by the Commissioners' Court binding unless contested within the time prescribed, and making the result of a contest of such election to which appellant was not a party binding upon him, is in nowise contrary to or violative of the Fifth or Fourteenth Amendments to the Constitution of the United States.

The local option election involved in this case was contested by L. E. McCormick and nine other citizens of Navarro County. The contestees were C. L. Jester and C. L. Knox, county judge and county attorney, respectively, of said county. The contest was originally filed July 26, 1907, and on the 31st day of August, 1907, and within sixty days from the taking effect of the Act of the Thirtieth Legislature,

passed May 14, 1907, the same contestants filed a second suit against the same parties, contesting the election under said Act .on substantially the same grounds set up in the first suit. These suits were afterwards upon motion of the contestants consolidated. A trial of the consolidated suits in the District Court resulted in a judgment for the contestees to the effect that said election resulted against prohibition. Upon appeal to this court it was held that the election resulted in favor of prohibition by a majority of eleven votes, and the judgment of the District Court was reversed and judgment rendered in favor of contestants. McCormick v. Jester, 53 Texas Civ. App., 306.) This judgment was certified to the Commissioners' Court of Navarro County, and in obedience thereto that court declared the result of the local option election to be in favor of prohibition. The appellant's answer filed in this suit is, in effect, an attempt on his part again to contest the legality of said election. This we hold he can not do. The result of the contest instituted by McCormick against Jester and others, by the provisions of the Act of 1907, which Act we have held to be constitutional, finally settled all questions relating to the validity of said election, and is binding upon appellant.

In Hardy v. State, 52 Texas Crim. Rep., 420, the appellant was charged with violating the local option law. Upon the trial in the lower court, more than sixty days after, the taking effect of the Act of the Thirtieth Legislature, passed May 14, 1907, he objected to the introduction of the order of election, because of certain irregularities therein, and offered to prove that the county clerk did not at any time post any notices of the local option election. The objections to the order of election were overruled and the testimony offered to show that the notices of election had not been posted by the clerk, excluded. On appeal it was held by the Court of Criminal Appeals of this State that the action of the trial court was correct. In discussing the matter Judge Brooks, speaking for the court, says: "Said Act (passed May 14, 1907) provides that contests of election that had theretofore been had must be contested within sixty days from the taking effect of said law, and not otherwise. The matters complained of would be mere irregularities at best, and this Act makes valid and noncontestable anything pertaining to irregularities in the adoption of the local option law. The Act itself provides that we shall conclusively presume that said election as held was valid in all things and binding upon all courts. We accordingly hold that said Act is valid, and applies to all local option elections, and it clearly applies in this case."

What has been said disposes of the controlling questions in the case, and other questions raised need not be considered.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.