## L. M. COATS ET AL. v. J. M. BLANDING ET AL.

### Decided February 19, 1910.

**1.—Local Option Elections—Declaration of Result—Interval of Two Years.**

Under the statutes as they now stand, the interval of two years which must elapse between local option elections in the same territory, must be computed from the date of the last order declaring the result. So, when a local option election is contested in the District Court and an appeal taken from the judgment of that court to the Court of Civil Appeals, the interval must be computed from the date of the order of the Commissioners' Court declaring the true result in accordance with the final judgment of the Court of Civil Appeals.

**2.—Same—Judgment not Conclusive, when.**

A vacated, set aside or reversed judgment, order or declaration is thereby deprived of its conclusive character as such, and can not be made the basis of any rights thereafter.

**3.—Same—Constitutional Law.**

The Act of 1907 (Gen. Laws, 1907, page 447) concerning local option elections, is not obnoxious to the objection that it is violative of the Constitution because the extension of the time within which a local option election might be contested, is not comprehended in the caption. The caption is sufficient to embrace the subject matter of the Act. Nor does it affect any vested rights with respect to personal or property rights, and is not violative of that provision of the Constitution which forbids the passage of retroactive laws.

Appeal from the District Court of Navarro County. Tried below before Hon. H. B. Davis.

*R. S. Neblett* and *R. R. Owen,* for appellants.—The court erred in refusing to award the writ of mandamus prayed for by relators. Necessity of publication: Decker v. State, 39 Texas Crim. App., 20; State v. Harvey, 11 Texas Civ. App., 691. Power to make second declaration: Bland v. Orr, 90 Texas, 492; Rev. Stats. 1895, art. 1537; Jones v. Commissioners, 63 Am. St., 711; Act of 1905, 378; Ex parte Smith, 48 Texas Crim. App., 356; Seay v. State, 51 Texas Crim. App., 444; Dawson v. State, 25 Texas Crim. App., 670.

The Act of 1907, p. 446 et seq., in so far as it operates to extend the time for holding subsequent elections, is unconstitutional and void: 1st. Because the extension of time, if the time is extended, is not comprehended by the caption of the Act. 2d. The election of June 15, 1907, being held and completed before the Act of 1907 went into effect, the time for the next election was fixed by the laws in force when the election was held, and the Act can not apply to said election. 3d. The vote cast at the election of June 15, 1907, being cast in view of the law as it existed at that time, the voters of the county have a right to another election in the time provided by the laws then existing, and if the Act does extend the time for the subsequent election it is void and unconstitutional as to prior elections. Dawson v. State, 25 Texas Crim. App., 670; Act of 1907, par. 447; Lawhon v. State, 26 Texas Crim. App., 101; Robinson v. State, 26 Texas Crim. App., 82; Snearly v. State, 40 Texas Crim. App., 507; Ex parte Heyman, 45 Texas Crim. App., 532.

*Treadwell & Tarver* and *Richard Mays,* for appellees.—The two years that must expire from the date of the declaration of the result of a local option election before a second election can be ordered dates from the final declaration of the result of the former election, made after the true result of the election has been ascertained, in this case from March 9, 1909, and not from June 26, 1907. Rev. Stats., arts. 3390, 3391, 3393 and 3397; Acts 29th Leg., 1905, chap. 158, p. 378; Bowman v. State, 41 S. W., 635; Kidd v. Truett, 28 Texas Civ. App., 620; McCormick v. Jester, 53 Texas Civ. App., 306; Seay v. State, 51 Texas Crim. App., 444; Seneca Mining Co. v. Secretary of State, 9 L. R. A., 770; 23 Cyc., 1130; 19 Am. & Eng. Ency. Law, 513.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit instituted in the District Court of Navarro County by appellants, asking for the issuance of a writ of mandamus to compel the appellees, composing the Commissioners' Court of Navarro County, to order an election to be held in Navarro County for the purpose of determining whether the sale of intoxicating liquors should be prohibited in said county.

The undisputed facts are: On December 16, 1904, Navarro County for the first time declared in favor of prohibition by popular vote, and it became effective upon the 1st day of April, 1905. In the spring of 1907 appellants, and others who opposed prohibition, petitioned the Commissioners' Court for another election, which was granted on May

17, 1907, and the election was ordered and held on June 15, 1907. The Commissioners' Court met on the 26th of June, 1907, and upon the face of the returns declared that the election had resulted against prohibition by a majority of twelve votes. Within the time allowed by law, the result of the election so declared was contested. The case was tried in the District Court of Navarro County, and contestants having lost, the case was appealed to this court. The result was that the judgment of the District Court was reversed, and a decision was rendered by this court in favor of contestants, setting aside and vacating the result of the election as it had been declared by the Commissioners' Court as well as by the District Court, and declared that the true result of said election was in favor of prohibition by a majority of eleven votes. This court ordered and directed that its judgment be certified to said Commissioners' Court for their observance. McCormick v. Jester, 53 Texas Civ. App., 306 (115 S. W., 278). In obedience to the mandate of this court the Commissioners' Court, on March 9, 1909, vacated and set aside its declaration made June 26, 1907, and declared the result of said election to be in favor of prohibition by a majority of eleven votes, and caused said declaration to be entered of record and published as directed by law.

The sole question for our determination is: Did the two years which must elapse since the publication of the result of the election of June 15, 1907, begin to run on June 26, 1907, or on March 9, 1909? The declaration of the result, erroneously made by the Commissioners' Court on June 26, 1907, was not conclusive, but was merely prima facie evidence of the result of the election. This is so declared by article 3390 of the Revised Statutes. At most, and undisturbed, it is but a quasi judgment. (Bowman v. State, 41 S. W., 635.) It is a well-settled rule that a vacated, set aside or reversed judgment, order or declaration, is deprived of its conclusive character as such, and can not be made the basis of any rights thereafter. (23 Cyc., 1130.) The facts of this case do not bring it within any of the exceptions to this rule. Title 69 of the Revised Statutes is devoted entirely to the subject of local option elections. In providing for a second election, article 3393, as enacted in 1893, provides, among other things, that "the order granting such elections, as well as that declaring the result, shall, if prohibition be carried, have the same force and effect and the same conclusiveness as are given to them in the case of a first election by the provisions of this title." By the construction placed upon this article the two-year period began to run from the day of the election. But in 1905 this article was amended so as to make "such time date from the time of publication of the last notice" where notices were required; otherwise the time shall date from the declaration of the result. (Acts Twenty-ninth Leg., 1905, chap. 158, p. 378.) The election here involved was held two years after the passage of this statute, and this amended article will, of course, govern. 19 Am. & Eng. Ency. of Law, 513; Seay v. State, 51 Texas Crim. App., 444 (102 S. W., 1127). All of these provisions manifestly have reference to the declaration and publication of the true result. In the very nature of things, it can have no reference to vacated and annulled declarations. It follows that the two years that must expire from the

date of the declaration of the result of a local option election before a second election can be ordered dates from the final declaration of the result of the former election, made after the true result of the election has been ascertained—in this case from March 9, 1909, and not from June 26, 1907.

Again, appellants contend that the Act of 1907, p. 447 et seq., Gen. Laws 1907, is unconstitutional because the extension of time, if the time is extended, within which a local option election may be contested, is not comprehended in the caption of the Act. The Act is entitled, "An Act to simplify trials for the contest of local option elections and to simplify criminal trials that arise under the local option laws by amending article 3397 of title LXIX, Revised Civil Statutes of Texas, providing the time and manner in which local option elections may be contested, prescribing the effect to be given the judgment of the courts in which said election is contested; and provided further, that when no contest is filed as provided in the Act, that the legality of the election and the result as declared shall be conclusively presumed, and shall be binding upon all courts, repealing all laws in conflict with this Act, and declaring an emergency." Article XVI, section 20, of the Constitution, provides that the Legislature shall enact laws whereby voters may "from time to time" determine whether the sale of intoxicating liquors shall be prohibited. In Griffin v. Tucker, 102 Texas, 420, Mr. Justice Williams, speaking for our Supreme Court, says: "The subject is left to the Legislature," and "we can see nothing in the provision (of the Constitution) which affects the plenary powers of the Legislature to regulate the holding of elections . . . ," and that "the framing of the law, so that the right intended to be secured to the voters in the localities may be exercised, is expressly committed to the Legislature, and we must look to the statutes in order to determine as to the validity of such elections . . ." In our opinion, the caption of this statute is sufficient to embrace the subject matter of the Act. Hardy v. State, 52 Texas Crim., 420 (107 S. W., 547); Stockard v. Reid, 57 Texas Civ. App., 126 (121 S. W., 1144). The statute does not affect any vested rights with respect to personal or property rights, and is not violative of that provision of the Constitution which forbids the passage of retroactive laws.

It follows from these remarks that the judgment of the court refusing a mandamus is correct, and the same is affirmed.

*Affirmed.*

Writ of error refused.