### D. J. ANDERSON v. THE STATE.

No. 2164. Decided April 30, 1913.

Rehearing denied May 28, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Indictment—Grand Jury—Plea in Abatement.**

·Where defendant had been bound over to await the action of the grand jury, and the case after indictment found was continued, and at the second term of court defendant filed a plea in abatement alleging that one member of the grand jury was disqualified, the same came too late to be considered. Article 409, Revised Code Criminal Procedure.

**2.—Same—Evidence—Practice in District Court.**

·Under article 698, Code Criminal Procedure, there was no error in permitting the introduction of evidence after the State had closed its case, as to the evidence; and this although the court may have privately called State's counsel's attention to the omission.

**3.—Same—Evidence—Order of Commissioners Court.**

Where defendant disputed the orders of the Commissioners court showing that local option was· legally adopted, there was no error in permitting the State to show that said question was decided in favor of prohibition in a contest in the District Court, and thereupon, duly entered by the Commissioners Court. Following McCormick v. Jester, 53 Texas Civ. App., 306, and other cases.

**4.—Same—Definition of Occupation—Charge of Court.**

Where upon trial of pursuing the occupation, etc., of selling intoxicating liquors in local option territory, the court's charge submitted a full and ample definition of the term, "occupation," there was no error in refusing defendant's special charges on this issue.

**5.—Same—Law in Force—Sufficiency of the Evidence.**

Where the evidence showed by the orders of the Commissioners Court that local option was in force, there was no error in so instructing the jury, and the evidence supporting the conviction under a proper charge of the court, there was no error.

**6.—Same—Precedent—Practice on Appeal.**

Where the questions raised on appeal had been passed on adversely to defendant in other cases, it is not necessary to again review such matters at length.

Appeal from the District Court of Navarro. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Ballew* and *McClellan & Prince,* for appellant.—On question of plea in abatement on account of disqualification of grand juror: Garrett v. State, 66 Texas Crim. Rep., 480, 146 S. W. Rep., 930; Ex parte Martinez, 66 Texas Crim. Rep., 1, 145 S. W. Rep., 959; State v. Foster, 9 Texas, 65; Jackson v. State, 11 id., 261; Vanhoop v. State, 12 id., 251; Stanley v. State, 16 id., 557; Ex parte Swain, 19 Texas Crim. App., 323; Lott v. State, 18 id., 627; Steele v. State, 14 id., 59; McNeese v. State, 19 id., 48.

On question of admitting in evidence orders of Commissioners Court: Ex parte Williams, 35 Texas Crim. Rep., 75; Chapman v. State, 37 id., 167; Clary v. Hurst, 138 S. W. Rep., 566; Garrett v. State, 61 Texas Crim. Rep., 254; Enriquez v. State, 60 id., 580; Mayo v. State, 62 Texas Crim. Rep., 110.

On question of court's charge on occupation: Standford v. State, 16 Texas Crim. App., 331; Love v. State, 31 Texas Crim. Rep., 469; State v. Austin Club, 89 Texas, 20; Lyon-Thomas Hardware Co. v. Perry Stove Manufacturing Co., 86 Texas, 143; Cohen v. State, 53. Texas Crim. Rep., 422; Powell v. State, 17 Texas Crim. App., 345; 17 Am. & Eng. Ency. of Law, p. 31; Williams v. State, 23 Texas Crim. App., 499; Waggener v. Haskell, 89 Texas, 435; Territory v. Harris, 19 Pac. Rep., 286; Beckler v. Guenther, 96 N. W. Rep., 895; Treadwell v. Whittier, 80 Cal., 574; Ingram v. Cowles, 150 Mass., 155; Stevenson v. Primrose, 33 Am. Dec., 281; Shryock v. Latimer, 57 Texas, 674; Fitch v. State, 58 Texas Crim. Rep., 366.

On question of date of election alleged in the indictment and evidence admissible thereunder: Green v. State, 52 Texas Crim. Rep., 44; Wade v. State, 52 id., 619; Byrd v. State, 51 id., 539.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted at the October term, 1911, of the District Court of Navarro County, charged with pursuing the business or occupation of selling intoxicating liquors in violation of the prohibition law in July, 1911.

The record discloses that he had theretofore been bound over to await the action of the grand jury. The case was continued one term of the court, and at the second term appellant filed a statement alleging that one member of the grand jury was not a qualified juror. It may be said that the evidence would show that Mr. C. W. Edgar was not a land owner, and lived with his children, but we are of the opinion that

the objection came too late.   (See art. 409 [old 397] of the Code of Crim. Proc. and cases thereunder cited).

Article 698 provides that the court may allow the introduction of testimony at any time before the argument is concluded, if he deems it necessary to the due administration of justice, consequently there was no error in the court permitting the orders of the Commissioners Court to be introduced in evidence after the State had announced it closed. It may be that the judge called the attention of counsel for the State to this omission as contended by appellant, yet if he did do so the bill itself would show that it was done privately, and the jury knew nothing of the matter.

The State introduced the orders of the Commissioners Court, the certificate of the county judge, etc., showing that local option or prohibition was legally adopted in Navarro County in 1904.   The defendant then introduced an order of the Commissioners Court showing that another election was held on June 15, 1907, and the order dated June 26, 1907, declaring the result of said election, in which order it was shown that in declaring the result the Commissioners Court stated that prohibition had been defeated by a majority of twelve votes.   The State in rebuttal then offered in evidence the orders of the Commissioners Court made in March, 1909, in which orders it is recited that a contest of the election and of the declaration of the result thereof by the Commissioners Court made June 26th in which it was declared prohibition had been defeated was instituted in the District Court of Navarro County within the time provided by law, and the said contest resulted in a declaration by the courts of this State that prohibition had not been defeated but had again been adopted in Navarro County at said election. The Commissioners Court then set aside its former orders declaring prohibition defeated, and in obedience to the orders of the court declared that a majority of the legal votes cast at the election held June 15, 1907, were cast in favor of prohibition and all necessary orders and publications again made putting prohibition in force in Navarro County, Texas.   In admitting these orders the court committed no error, and as the Court of Civil Appeals in the case of McCormick v. Jester, 53 Texas Civ. App., 306, 115 S. W. Rep., 278, and Stockard v. Reid, 57 Texas Civ. App., 126, 121 S. W. Rep., 1144, has so thoroughly discussed the questions raised herein on this issue we do not deem it necessary to do so again.   In those cases a writ of error was refused by our Supreme Court.

The court in defining occupation instructed the jury: "You are further instructed that by the terms 'occupation' and 'business,' as the same are used in this law and in this charge is meant: The trade, calling, or vocation, in which one engages for the purpose of procuring a living or obtaining wealth.   And, you are instructed in this connection, that the law requires that before the defendant can be convicted he must be shown by the evidence in this case to have made two or more sales while so engaged in or pursuing said occupation or business."   This

was a full and ample definition of the term "occupation" and it was not necessary to give the special charges requested by appellant in regard thereto.

The evidence amply supports the verdict of the jury, and the court did not err in instructing the jury that prohibition was in force and effect in Navarro County.

The appellant has filed an able brief in this case, but as all the questions discussed herein have been frequently passed on by the courts of this State, we do not deem it necessary nor proper to again review such matters at length. His motion to abate the indictment came too late. The indictment is drawn in terms frequently approved by this court. Prohibition is now and has been in force in Navarro County since the date of the election held in 1904. Every issue raised by the evidence was fully and fairly submitted by the court, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 28, 1913.—Reporter.]